UNITED STATES v. BROWN.

(Circuit Court, S. D. New York. November 3, 1893.)

1. ELECTIONS—PROCURING FRAUDULENT REGISTRATION — SUFFICIENCY OF INDICTMENT.
    An indictment under Rev. St. § 5512, for unlawfully, knowingly, and fraudulently advising and procuring one to register as a voter, need not set forth the particular words of the advice or method of procurement employed.

2. SAME—PROCURING FRAUDULENT REGISTRATION—INDICTMENT.
    An indictment under Rev. St. § 5512, for unlawfully procuring or advising one to register, must set forth the acts done by the accused with intent to effect a fraudulent registration. U. S. v. McCabe, 58 Fed. Rep. 557, followed.

3. SAME—PLACE OF REGISTRATION—INDICTMENT.
    When, as in the state of New York, the requirements of the law as to the registration of voters are different in different parts of the district within the jurisdiction of the court, an indictment under Rev. St. § 5512, for unlawfully procuring or advising one to register, must specify the election district in which the unlawful acts were committed. U. S. v. McCabe, 58 Fed. Rep. 557, followed.

At Law. Indictment by the United States against Frederick W. Brown for unlawfully advising and procuring others to register. On demurrer to the indictments. Sustained.

Edward Mitchell, U. S. Atty., and John D. Mott, Asst. U. S. Atty., Henry D. Hotchkiss, for defendant.

BENEDICT, District Judge. This indictment contains nine counts, all framed under section 5512 of the Revised Statutes. The first count charges Brown with advising James F. Brady to fraudulently register; (2) for procuring Frank McCabe to fraudulently register; (3) for advising Frank McCabe to fraudulently register; (4) for procuring John S. Leach to fraudulently register; (5) for advising John S. Leach to fraudulently register; (6) for procuring Allen L. Marien to fraudulently register; (7) for advising Allen L. Marien to fraudulently register; (8) for procuring William Magee to fraudulently register; (9) for advising William Magee to fraudulently register. The several counts for advising are, in general, the same, and the counts for procuring are, in general, the same. In my opinion, the indictment must be held defective for the reason that the place of registration does not appear. I do not consider it necessary, in an indictment for unlawfully, knowingly, and fraudulently advising one to register as a voter, that the particular

words of the advice or method of procurement employed should be set forth; but, for the reasons stated in U. S. v. McCabe, 58 Fed. Rep. 557, I think it is necessary to state the election district, and the counts for advising are bad because the place of registration is not stated. The counts for procuring are bad for using the word "register," instead of stating acts done by Brown with intent to effect a fraudulent registration. Let judgment be entered for the defendant upon the demurrer.